UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD ROBERT MAGHIRANG, individually,<br><br>        Plaintiff,<br><br>v.<br><br>BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., a Delaware corporation; and DOES 1–50,<br><br>        Defendants. | Case No.:  25-CV-3081 JLS (BJW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>(ECF No. 4) |

Presently before the Court is Plaintiff Conrad Robert Maghirang's ("Plaintiff") Motion to Remand to State Court ("Mot.," ECF No. 4).  Also before the Court are Defendant Bio-Medical Applications of California, Inc.'s ("Defendant") Opposition to Plaintiff's Motion ("Opp'n," ECF No. 7), and Plaintiff's Reply in Support of his Motion ("Reply," ECF No. 9).  The Court took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 8.  Having considered Plaintiff's Motion, Defendant's Notice of Removal ("Notice," ECF No. 1), Plaintiff's Complaint ("Compl.," ECF No. 1-3), the Parties' arguments, the evidence, and the law, the

1

Court **DENIES** Plaintiff's Motion for Remand (ECF No. 4) for the reasons that follow.

## BACKGROUND

Plaintiff Conrad Robert Maghirang, a resident of the State of California, was employed by Defendant Bio-Medical Applications of California, Inc. as a Patient Care Technician beginning in April 2024.  Compl. ¶ 15.  Plaintiff alleges that throughout his employment, Defendant failed to provide him with proper meal and rest periods, required him to perform work off the clock without compensation, and failed to furnish accurate itemized wage statements.  *Id.* ¶¶ 16–17.  Plaintiff further alleges that after he took qualifying medical leave, Defendant demanded he return to work despite his persisting medical condition.  *Id.* ¶ 18.  Plaintiff alleges that in April and May 2025, Defendant subjected him to a skills assessment as a pretext for termination, despite Plaintiff achieving a passing score of 81% on his April 11, 2025, evaluation.  *Id.* ¶ 19.  On May 31, 2025, Defendant terminated Plaintiff's employment.  *Id.* ¶ 15.  Plaintiff alleges that his termination was in retaliation for his complaints regarding Defendant's wage and hour violations and his exercise of medical leave rights.  *Id.* ¶ 20.

Plaintiff filed this action in the Superior Court of the State of California, County of San Diego, on September 18, 2025, alleging causes of actions for: (1) Unfair Business Practices – Violation of California Business and Professions Code § 17200; (2) Recovery of Unpaid Wages and Penalties – California Labor Code §§ 204, 510, 1194, and 1198; (3) Waiting Time Penalties – California Labor Code §§ 200, 201, 202 and 203; (4) Failure to Pay Meal and Rest Period Premiums at the Proper Regular Rate – California Labor Code § 226.7 and 512; (5) Failure to Provide Accurate Itemized Wage Statements – California Labor Code  § 226; (6) Failure to Provide Meal Periods – California Labor Code § 226.7 and 512; (7) Failure to Authorize or Permit Rest Periods – California Labor Code § 226.7 (8) Failure to Reimburse Expenses – California Labor Code § 2802; (9) Retaliation – California Labor Code – 1102.5; and (10) Wrongful Termination in Violation of Public Policy.  *See generally* Notice; Compl.  Plaintiff did not specify a damages amount in his Complaint.  *See* Compl.  Defendant timely removed the action to this Court on November

25-CV-3081 JLS (BJW)

10, 2025, on the basis that there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. *See* Notice. Plaintiff filed the instant Motion to Remand on December 10, 2025, on the basis that the amount in controversy requirement is not met. *See generally* Mot.

**DISCUSSION**

**I.     Legal Standard**

A defendant may remove an action to federal court "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Here, Defendant asserts jurisdiction is based on diversity. *See generally* Notice. Federal courts have diversity jurisdiction "where the matter in controversy exceeds . . . $75,000.00" and the parties are of diverse state citizenship. 28 U.S.C. § 1332(a).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citation omitted). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (first citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); then citing *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**II.    Analysis**

Plaintiff challenges Defendant's removal on the basis that the amount in controversy requirement for diversity jurisdiction is not met. *See generally* Mot. Plaintiff contends that Defendant's removal was improper because Defendant failed to proffer sufficient evidence to meet its burden of establishing the amount in controversy. *Id.*

/ / /

/ / /

/ / /

3

### A.      Diversity of Citizenship

The Parties do not dispute that complete diversity of citizenship exists between them. The Court is satisfied that complete diversity exists, as Plaintiff is a citizen of California, Compl. ¶ 1, and Defendant is a corporation incorporated in Delaware with its principal place of business in Waltham, Massachusetts, ECF No. 1-2 ("Jacobs Decl.") ¶ 4.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The citizenship of fictitious Doe defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(a). Accordingly, the Court **DENIES** Plaintiff's Motion to the extent it challenges diversity of citizenship.

### B.      Amount in Controversy

The Parties dispute whether the amount at stake in this litigation meets the $75,000 jurisdictional threshold.  *See* Mot. at 1; Opp'n at 1.  In its Notice of Removal, Defendant alleged an amount in controversy of $255,000.  Notice ¶ 17.  Plaintiff contests this figure and argues Defendant's calculations are speculative and unsupported.  Mot. at 2–5. Defendant maintains that back pay, front pay, attorney's fees, and punitive damages collectively establish the jurisdictional amount by a preponderance of the evidence.  Opp'n at 2–9.

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Because Plaintiff's Complaint does not specify a damages amount, Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  When assessing the amount in controversy, the Court considers the "amount at stake in the underlying litigation."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).  The Court addresses each category of damages in turn.

#### 1.      Back Pay and Front Pay

Plaintiff's Prayer for Relief expressly seeks back pay and front pay.  Compl. at 13. Lost wages, both past and future, are properly included in the amount in controversy.

25-CV-3081 JLS (BJW)

*Chavez*, 888 F.3d at 415–18.  The amount in controversy is not limited to damages accrued before removal; it encompasses all relief the Court may award if Plaintiff prevails on the operative complaint.  *Id.* at 414–15.

Defendant calculated Plaintiff's lost wages based on the Declaration of Melissa Jacobs, who attested, from a review of Plaintiff's actual personnel and payroll records, that Plaintiff's base earnings were $52,000 per year, or $1,000 per week.  Jacobs Decl. ¶ 6. Back pay from the date of termination (May 31, 2025) through the date of removal (November 10, 2025), a period of approximately 23 weeks, amounts to $23,000.  Notice ¶ 17(a)–(c).  Front pay through a conservative trial estimate of one year from removal adds $52,000.  *Id.* ¶ 17(d)–(e); *see also Reese v. Daikin Comfort Techs. Distrib., Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024) (one year from removal is a conservative and well-accepted estimate where no trial date is set).  The combined back pay and front pay amounts to $75,000.

Plaintiff argues that his back pay and front pay figures should be reduced to account for his 36-hour workweek and offset by his post-termination earnings.  Mot. at 4.  The Court is unpersuaded on both grounds.  First, Defendant's calculation was grounded in Plaintiff's actual annual salary of $52,000, derived from payroll records, rather than any assumed number of hours per week.  Jacobs Decl. ¶ 6.  Second, and more fundamentally, mitigation of damages is an affirmative defense that goes to ultimate recovery, not to the amount placed in controversy at the time of removal.  *Greene v. Harley-Davidson*, 965 F.3d 767, 774 (9th Cir. 2020) (holding that affirmative defenses such as mitigation do not reduce the amount in controversy).  To deduct Plaintiff's post-termination earnings at the jurisdictional stage would require the Court to resolve the merits of an affirmative defense before determining whether subject matter jurisdiction exists, a result the Ninth Circuit has squarely rejected.  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010).  Accordingly, the Court finds that the combined back pay and front pay places at least $75,000 in controversy.

/ / /

25-CV-3081 JLS (BJW)

### 2.   *Attorney's Fees*

Attorney's fees authorized by statute are properly included in the amount in controversy, and a court must include future attorney's fees recoverable by statute when assessing the jurisdictional threshold. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Plaintiff's claims arise under the California Labor Code, which expressly authorizes fee awards to prevailing plaintiffs. *See* Cal. Lab. Code §§ 218.5, 1102.5(j), 1194(a). Plaintiff does not dispute that attorney's fees must be included; he disputes only the amount. *See* Reply at 3–4.

Defendant estimated attorney's fees at $30,000, based on a rate of $300 per hour multiplied by a "conservative" 100 hours of attorney work. Notice ¶ 17(k); Opp'n at 6–7. Plaintiff challenges this figure as speculative but offers no evidence of a different billing rate or a lower hourly estimate. *See* Reply at 3–4. The Court finds Defendant's methodology reasonable. Courts within the Ninth Circuit have credited identical estimates in similar employment cases. *See, e.g.*, *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6–7 (C.D. Cal. Mar. 3, 2015) (finding a $30,000 fee estimate reasonable and conservative to conduct an employment trial). Although attorney's fees in wrongful termination and wage-and-hour cases routinely exceed this figure by a substantial margin, the Court adopts the conservative $30,000 estimate for purposes of the amount-in-controversy analysis. *See id.* at *6 (explaining that a $30,000 estimate is highly conservative because a review of similar wrongful termination and wage-and-hour cases shows that total fee awards routinely and significantly exceed that amount).

### 3.   *Punitive Damages*

The Court also may consider punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). Punitive damages are at stake here because Plaintiff expressly seeks them in his Prayer for Relief, Compl. at 14, and they are recoverable on his retaliation and wrongful termination claims. *See* Cal. Civ. Code § 3294(a); *see also* Compl. ¶¶ 76, 81.

25-CV-3081 JLS (BJW)

Plaintiff argues that Defendant's punitive damages estimate is speculative because Defendant relies on FEHA cases that are not factually analogous to the Labor Code retaliation and wrongful termination claims at issue here. Reply at 4–5. The Court acknowledges that the cases cited by Defendant predominantly arise under FEHA rather than Labor Code § 1102.5. However, district courts do not require factually identical cases, only sufficiently analogous ones, before considering punitive damages in the amount in controversy analysis. *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at \*3–4 (C.D. Cal. Sept. 26, 2019). Retaliation claims under Labor Code § 1102.5 and wrongful termination in violation of public policy are sufficiently similar to employment retaliation claims under FEHA to permit comparison for this limited purpose. *See id.*

Defendant calculated punitive damages by applying a 2:1 ratio to its compensatory damages estimate of $75,000, yielding $150,000. Notice ¶ 17(h); *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (single-digit multipliers comport with due process). Plaintiff offers no alternative figure and does not disclaim seeking punitive damages. The Court need not determine an exact punitive damages amount, only that a substantial award is plausibly at stake if Plaintiff prevails. *Avila*, 2019 WL 4729641, at \*5. The Court finds that Defendant has made a sufficient showing.

### 4. Conclusion

Considering Defendant's conservative estimates of $23,000 in back pay, $52,000 in front pay, $30,000 in attorney's fees, and $150,000 in punitive damages, the amount at stake in the underlying action is at least $255,000—far exceeding the $75,000 jurisdictional minimum. Critically, even excluding punitive damages entirely, the combined back pay, front pay, and attorney's fees total $105,000, which independently satisfies the threshold. Defendant has established by a preponderance of the evidence that the amount in controversy requirement is met.

///

///

25-CV-3081 JLS (BJW)

Accordingly, the Court finds that diversity jurisdiction exists and **DENIES** Plaintiff's Motion.

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Remand (ECF No. 4).  Defendant **SHALL RESPOND** to the Complaint <u>within thirty (30) days</u> of the electronic docketing of this Order.

    **IT IS SO ORDERED.**

Dated:  June 11, 2026

                                  Hon. Janis L. Sammartino
United States District Judge